Good morning. May it please the Court, my name is David Porter. I'm an Assistant Federal Defender from the Eastern District of California and I represent the Appellant Warren David Rose. What happened to Mr. Rose in 2001 violated a most fundamental principle of justice. What happened to Mr. Rose in November of 1999 was that after a trial he was found not to be a sexually violent predator. Less than nine months later he was charged again with being a sexually violent predator. And after a trial in which no new material evidence was presented, he was found to be a sexually violent predator because the trial court failed to apply collateral estoppel. Now, the district court in its findings and recommendations on page 40, which you'll find at tab six of the excerpts of record, said it would be inclined to apply collateral estoppel if the earlier finding was that there was no mental disorder, but that in this case it would not. Well, that makes no sense whatsoever. All elements of an SVP petition are entitled to collateral estoppel effect, including whether the person is, the issue is the likelihood of recidivism. Well, Mr. Porter, we're here on habeas and the question obviously is to what extent the decision of the state court would be proper within the, it would be not inconsistent with federal law. And I guess my question is, have we ever held that there is a constitutional right to a collateral estoppel approach? This court, the Ninth Circuit has not held that, Your Honor. But as far back as 1977, the Massachusetts Supreme Court in Commonwealth v. Travis, which is at 361 Northeast 2nd at 401, said, we conclude that as a matter of fundamental fairness under the due process clause of the 14th Amendment, a finding that an individual is no longer sexually dangerous must be as immune from subsequent or collateral attack as is a criminal judgment of acquittal. Now, that is echoed in the California case that we cited in our brief of People v. Munoz, which cited the case of People v. Turner as having recognized important, quote, important due process considerations, unquote, in a case exactly like this. My question is whether or not the United States Supreme Court has spoken out on this, whether or not the decision not to apply collateral estoppel or res judicata principles violated clearly established law as enunciated by the Supreme Court within the context of a habeas proceeding. And I don't think that we have that word from the Supreme Court, do we? Well, I disagree with that, Your Honor. That's not what 2254d says. 2254d says that Federal habeas relief may not be granted unless the State court adjudication is contrary to or an unreasonable application of Federal law as determined by the Supreme Court of the United States. Now, this court has said on numerous occasions that doesn't mean you have to have an identical situation in the Supreme Court to apply. And as Justice O'Connor said in Williams v. Taylor, there are cases where the State court unreasonably fails to expand a Supreme Court holding to cases where it should apply. Let's assume you're right, then. What's the closest U.S. Supreme Court case to this kind of a factual matrix? Well, we have many Supreme Court cases talking about how collateral estoppel is firmly established Federal law. In the case of Ash v. Swenson in 1970, the court says that collateral estoppel was first applied in civil litigation before it was applied in criminal cases. But it says collateral estoppel has been a firmly established rule in Federal criminal law for more than 50 years. And that cites the 1960 case of United States v. Oppenheimer. And in this case, in the trial court when the Respondent moved to Demur, he cited the case of Frank v. Magnum, which is a 1915 case by the United States Supreme Court where it said, it is a fundamental principle of jurisprudence arising from the very nature of courts of justice and the objects for which they are established, that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties. And it says the principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction. So we have cases going back to the early part of last century saying that collateral estoppel is firmly established Federal law. So the only question I think is reasonably debatable here is whether, in the words of Justice O'Connor, that very firmly established Federal principle has not been reasonably expanded to a case where it should, to a new, quote, a new context where it should apply. An analogy might be drawn to a stun belt, defendant forced to wear a stun belt. That case has never been decided by the United States Supreme Court. But certainly, the many Supreme Court cases on shackling can be applied to this new context. Now, it's not surprising that there's not a Supreme Court case directly on point with collateral estoppel and sexually violent predator, because most of these cases, the laws are about 10 years old. It's not surprising that this case has not reached the Supreme Court yet. There were some new facts, however, weren't there? Wouldn't that affect collateral estoppel? No, it wouldn't, because there were only new facts. There were not new material facts. And the district court, if you look at the district court's very thorough findings and recommendations, Magistrate Judge Moulds compared the 1999 trial and the 2001 trial, the testimony of the two trials, and said that the doctor's testimonies paralleled the earlier 1999 testimony. When the new evidence, the parole violation, was mentioned, it was mentioned only in passing. In the words of Turner, those doctors did not explain whether or why that new evidence was material to finding that he was now a sexually violent predator, when only nine months before the petition was filed, he was found not to be. The doctors, though, were saying that the nature of the parole violations indicated that this was an individual who was still having difficulty being compliant. That after all of these turns in prison for all of these offenses, these offenses consisting of sexual predatory violent acts, he still was making false representations to the parole officer, not keeping a log and not reporting contact with young males. The doctors did mention that. The doctors did mention that in passing. And it's important to focus on what those two violations were. Not keeping a log, which he admitted, and purportedly speaking to 10 to 16-year-olds, and the parole officer himself said that that violation wasn't proven even by preponderance of the evidence, as the magistrate judge said. And I am making a jury argument, though, as if you're almost arguing that this is a case on direct appeal and that there was insufficient evidence for the jury to find that he was a sexually violent predator. Well, I mean, even if the court credits those findings, and I think the magistrate judge does a very good job in saying why it shouldn't be credited by this court, the issue is whether the person is likely to engage in sexually violent criminal behavior. And under Roberge, the California case, it says that the defendant must present a serious and well-founded risk of committing sexually violent crimes if released. So how is it that nine months prior to the time when the subsequent petition was filed, he was found not to be a sexually violent predator? How could the fact that he failed to keep a log book, failed to enter things in the log book, and maybe that he was seen talking to 10 to 16-year-old boys constitute a serious and well-founded risk of committing sexually violent crimes if released? I don't see that as being a reasonable interpretation of those facts. I just want to briefly address the jury issue, the jury instruction issue. The Supreme Court, on this case, we do have very clear Supreme Court authority. In Hendricks, at page 358, it says, these added statutory requirements serve to limit involuntary civil confinement to those who suffer from a volitional impairment, rendering them dangerous beyond their control. That was the instruction he asked for, the trial court, in clear violation of that Supreme Court authority. Does Crane change that in any way? Crane, which happened two years after this proceeding, only changed it in terms of saying you don't have to show he's totally unable to control his behavior. But the control issue, it's like in Blakely where they said we met what we said in Apprendi, and in Booker we met what we said in Blakely. We met what we said in Hendricks. He has to be, it has to be, the control issue has to be there in order for this to be found a civil proceeding and not a penal. Thank you, Mr. Porter. Your time has expired. We'll hear from the State Government. Good morning, Chief Justice O'Neill. Karen on behalf of Ward, the State. First, I'd like to briefly discuss the jury instruction issue. I think Crane did, in fact, change it. There's not, there's no, it's not necessary for the jury to find a complete inability to control behavior. As the California court instructed, it's likely to be unable to control his behavior. And that has been found adequate constitutionally. I'm having a little difficulty hearing you. Oh, I'm sorry. I'll try to lean into it. Therefore, I don't believe the jury instruction was constitutionally insufficient. And the California SVP law is also constitutional. And the language itself in the instruction, excuse me, followed that. As for, in terms of the res judicata collateral estoppel issue, it's our position that the State decision, finding no problem, no violation, was objectively reasonable. That's what's required in federal collateral pebius corpus. We have to find, the court has to find that it was objectively unreasonable. The State court decision in this case was not. There was different evidence presented at the hearing. The court found that. It was not merely in passing. They discussed, both of the psychiatrists, psychologists discussed the parole violation. They also argued it to the jury in terms of what impact and what it meant. What did his behavior indicate? And they, as the judge indicated, it indicated his inability to comply with orders, a continued inability to comply, as well as somewhat of an attempt to not, to hide his behavior. He was visiting, he admitted that he was visiting a home of a woman who had two young children, two young boys. He admitted that he did that, that he did not report that. He admitted that he had lied to his parole agent originally, and that was the reason his parole was violated. Had he not put himself in that position, he would not have been in the position of having another petition made against him when he returned to prison. The fact is, is that once he put himself in that position, the State was well within its rights, and in fact would have been dilatory had it not filed a new petition against this defendant. Anything further? Does the Court have additional questions, Your Honors? No, no questions. Thank you, Counsel. Thank you. The case just argued will be submitted for decision.
judges: Hug, O'scannlain, Miller